# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ELLIS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>AMERIGAS PROPANE, INC., JOSEPH WADE, and DOES -50,<br><br>　　　　Defendants | CASE NO. 1:16-CV-1184 AWI SKO<br><br>ORDER RE: OSC WHY CASE SHOULD NOT BE SEVERED AND PARTIALLY REMANDED, OR IN THE ALTERNATIVE WHY ENTIRE CASE SHOULD NOT BE REMANDED FOR LACK OF DIVERSITY JURISDICTION |

## I. Background

　　Shannon Ellis has filed suit against former employer Amerigas, alleging employment discrimination and retaliation. As part of the same case, she also made civil assault and battery claims against Joseph Wade, a disgruntled customer of Amerigas, who allegedly attacked her at work. Plaintiff originally brought suit in Superior Court of California, County of Madera. Amerigas has removed the case to the Eastern District of California based on diversity jurisdiction asserting that Plaintiff is a California citizen and Amerigas is a Pennsylvania citizen. Joseph Wade is also a California citizen but Amerigas asserts that he has been fraudulently misjoined. Amerigas provides some legal briefing to support its request that "Wade's claims should be severed and remanded to state court, and the Court should retain jurisdiction over the claims against AmeriGas Propane." Doc. 1, 9:28-10:2. This issue implicates the court's subject matter jurisdiction and must be resolved before the case can proceed. Thus, an order to show cause was issued directing the parties to provide briefing on whether claims against Wade should be severed and remanded or whether the entire case should be remanded for lack of diversity jurisdiction. Doc. 8. Plaintiff filed a statement of non-opposition to either resolution of the problem. Doc. 9.

Amerigas further explicated its position that severance and remand of claims against Wade is proper. Doc. 10.

## II. Legal Standards

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction; it is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106-7 (9th Cir. 2010).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009), citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997).  That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

## III. Discussion

In this case, Amerigas is asserting fraudulent misjoinder rather than fraudulent joinder. The doctrine of fraudulent joinder is well settled.  "[U]nder the fraudulent-joinder doctrine, '[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the

state."'" Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016), quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) and McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Amerigas does not assert that Plaintiff has not stated a cause of action against Wade; rather Amerigas argues the claims against Wade should not be joined with Plaintiff's claims against Amerigas.

Fraudulent misjoinder deals with a situation where a plaintiff has validly stated causes of action against all defendants, but the claims against the different defendants are completely unrelated. In such a circumstance, application of the fraudulent misjoinder doctrine would have the courts sever the claims and remand the defendants that are non-diverse while keeping the defendants for whom diversity jurisdiction would apply. The doctrine was pioneered by the Eleventh Circuit, which specified that the standard was not the same as Fed. Rule Civ. Proc. 20, but required something more, akin to "bordering on a sham….We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Though this doctrine was introduced 20 years ago, its acceptance has been very limited. As a recent Eastern District decision points out, "'Fraudulent misjoinder' is Eleventh Circuit doctrine….The Ninth Circuit has not adopted the doctrine." Dent v. Lopez, 2014 U.S. Dist. LEXIS 100677, *11 n.1 (E.D. Cal. July 22, 2014). No circuit court has explicitly adopted it while several have noted its existence without expressly adopting or rejecting it. See e.g. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 622 (8th Cir. 2010) ("The Eighth Circuit Court of Appeals has not yet considered the fraudulent misjoinder doctrine. We make no judgment on the propriety of the doctrine in this case, and decline to either adopt or reject it at this time."); Lafalier v. State Farm Fire & Cas. Co., 391 Fed. Appx. 732, 739 (10th Cir. 2010) ("we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case"). As Amerigas has pointed out, fraudulent misjoinder has been explicitly applied twice by district courts within the jurisdiction of the Ninth Circuit. See Sutton v. Davol, Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008); Greene v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). However,

3

this precedent is several years old.

The more recent opinions from the neighboring district courts have been consistently negative towards the fraudulent misjoinder doctrine. See e.g J.T. Assocs., LLC v. Fairfield Dev., L.P., 2016 U.S. Dist. LEXIS 44167, *8-9 (N.D. Cal. March 31, 2016); Thee Sombrero, Inc. v. Murphy, 2015 U.S. Dist. LEXIS 93448, *13-14 (C.D. Cal. July 17, 2015); Target Constr., Inc. v. Travelers Prop. Cas. Co. of Am., 2014 U.S. Dist. LEXIS 143916, *8 (D. Nev. Oct. 9, 2014); Stone-Jusas v. Wal-Mart Stores, 2014 U.S. Dist. LEXIS 149436, *5 (D. Nev. Sept. 29, 2014); Jurin v. Transamerica Life Ins. Co., 2014 U.S. Dist. LEXIS 123569, *10-11 (N.D. Cal. Sept. 3, 2014) ("district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine"); Early v. Northrop Grumman Corp., 2013 U.S. Dist. LEXIS 104628, *5 (C.D. Cal. July 24, 2013) ("the doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction"); but see Tomlinson v. Deutsche Bank Nat'l Trust Co., 2014 U.S. Dist. LEXIS 11220, *25 (D. Haw. Jan. 29, 2014) (appearing to apply the fraudulent misjoinder standard without explicitly adopting the doctrine: "the Court does not find that joinder of the parties in this case is 'egregious' or 'grossly improper.'…. Accordingly, the Court finds that complete diversity is lacking and removal was improper").  These cases emphasize the strong presumption against removal jurisdiction which resolves any ambiguity in favor of remand.  They counsel that the narrower interpretation of 28 U.S.C. § 1441 should be preserved absent clear direction from the Ninth Circuit or U.S. Supreme Court.  This cautious approach to expanding the scope of removal seems appropriate.

Additionally, Judge Lawrence Karlton of the Eastern District pointed out in an early case (considering and rejecting the doctrine) that the substantive question of proper joinder of parties is best resolved in state court under state rules of joinder/severance which would then allow truly diverse cases to be removed to federal court once that issue has been settled. Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004).  This would actually allow the issue to be considered under a standard that is more favorable to Amerigas as the fraudulent misjoinder theory requires a good deal more than simple improper joinder. See In re Boston Sci. Corp., 2015 U.S. Dist. LEXIS 133665, *13 (C.D. Cal. Sept. 29, 2015) ("misjoinder is not the same as 'bad faith.'");

4

Tomlinson v. Deutsche Bank Nat'l Trust Co., 2014 U.S. Dist. LEXIS 11220, *24 (D. Haw. Jan. 29, 2014) ("Rule 20 provided a baseline from which to measure the egregiousness of misjoinder, not a rule to be satisfied in order to defeat removal").

Given the history, this court declines to adopt the fraudulent misjoinder theory. Notwithstanding Plaintiff's consent to severance and remand of claims against Wade, this court lacks subject matter jurisdiction. As there is incomplete diversity between the plaintiffs and defendants, the case must be remanded to state court.

## IV. Order

This case is REMANDED to the Superior Court of California, County of Madera.

IT IS SO ORDERED.

Dated:  November 17, 2016                           _____
                                                                            SENIOR DISTRICT JUDGE